# EXHIBIT A

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CONSTANCE JOY II, LLC, a Delaware limited liability company,

Plaintiff,

v.

MTU FRIEDRICHSHAFEN GmbH, a foreign corporation, and STEWART & STEVENSON FDDA LLC, a Delaware limited liability company d/b/a FLORIDA DETROIT DIESEL-ALLISON,

Defendants.

_____________________________________/

Case No.

Date: 6/11/20 Time: 10 AM
MCN #111
is a certified process server in the Circuit and County Courts In and for the Second Judicial Circuit

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit, on **Defendant, Stewart & Stevenson FDDA LLC, a Delaware limited liability company, 55 Waugh Drive, Suite 1000, Houston, Texas 77007** at the following address:

**BY SERVING ITS REGISTERED AGENT:**

**Corporation Service Company**
**1201 Hays Street**
**Tallahassee, Florida 32301-2525**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you chose to file a written response yourself, at the same time you file your written response to the Court, located at:

Broward County Courthouse
Clerk of the Court
201 S.E. 6th Street
Fort Lauderdale, Florida 33301

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named below.

WITNESS my hand and the seal of this Court on this ___ JUN 09 2020

**BRENDA D. FORMAN**

As Clerk of the Court

CLERK OF CIRCUIT & COUNTY COURT
IN GOD WE TRUST
BROWARD COUNTY FLORIDA

By: ______________________
As Deputy Clerk

BRENDA D. FORMAN

**Glenn J. Waldman, Esq.**
Counsel for the Plaintiff
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
gwaldman@gunster.com

**Mark H. Hildebrandt, Esq.**
MARK H. HILDEBRANDT, P.A.
1135 Kane Concourse
Bay Harbor Islands, Florida 33154
Telephone: 305-534-5100
mark@hildebrandtlaw.com

Filing # 108586087 E-Filed 06/09/2020 12:24:13 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA**

CONSTANCE JOY II, LLC, a Delaware limited liability company,

Case No.

Plaintiff,

v.

MTU AMERICA INC., a Michigan corporation and STEWART & STEVENSON FDDA LLC, a Delaware limited liability company d/b/a FLORIDA DETROIT DIESEL-ALLISON,

Defendants.

_______________________________________/

**COMPLAINT**

Plaintiff, CONSTANCE JOY II, LLC, a Delaware limited liability company ("Constance Joy II") hereby files its Complaint against Defendants MTU AMERICA INC., a Michigan corporation ("MTU") and STEWART & STEVENSON FDDA LLC, a Delaware limited liability company d/b/a FLORIDA DETROIT DIESEL-ALLISON ("FDDA") and in support thereof states as follows:

**Parties Venue and Jurisdiction**

1. This is an action seeking damages for negligence. Damages are in excess of $30,000.00, exclusive of interest, court costs and attorneys' fees.

2. Plaintiff, CONSTANCE JOY II, LLC is a Delaware limited liability company that does business in Broward County, Florida and is authorized to bring this action in all respects. Constance Joy II is the owner of Constance Joy II Limited, a Marshall Islands corporation, which in turn is the owner of the "Constance Joy II" (the "Vessel") - - a 125-foot custom motor yacht

delivered in 2017 by Azimut-Benetti S.p.a Benetti Yachts[1] ("Benetti") with hull identification No. XAX12502F718 and Official Number JMP17059.

3. Defendant, MTU AMERICA INC., a Michigan corporation is responsible for the manufacture, sales and/or service of products made by and sold by MTU Freidrichshafen GmbH, a business entity organized under the laws of Germany ("MTU Germany"). MTU Germany is in the business of design, manufacture, outfitting, repair, servicing and selling various types of marine engine systems, including the ones installed on the Vessel. MTU Germany designs and manufactures marine engines with the intent that they be used worldwide, including in Broward County, Florida. MTU Germany manufactured the Vessel's two engines, and MTU was responsible for the Vessel's engines service. At all times MTU was doing business in and acting through its agents, including but not limited to FDDA, in Broward County, Florida.

4. Defendant, STEWART & STEVENSON FDDA LLC is a Delaware limited liability company doing business as FLORIDA DETROIT DIESEL-ALLISON. FDDA is an engine parts and services company doing business in and maintaining offices in Broward County, Florida. FDDA is an authorized agent for MTU.

5. Venue is appropriate in Broward County, Florida pursuant to §47.011, as significant and material occurrences giving rise to the causes of actions alleged herein occurred or transpired in Broward County, Florida.

6. All conditions precedent to the institution and maintenance of this action herein have been performed, occurred, waived or otherwise have been excused.

[1] Owned by Azimut – Benetti S.p.A.

7. Constance Joy II has retained the law firms of Mark Hildebrandt, P.A. and Gunster, Yoakley & Stewart, P.A. to represent them in this cause and have agreed to become obligated to pay them a reasonable fee for their services.

**General Allegations**

8. Benetti delivered the Vessel in June 2017. The Vessel, which was purchased for approximately $15,656,775.15 is "Sunfast Red" with a white pearl deck and superstructure.

9. MTU Germany issued a manufacturer's warranty for the Vessel's engines ("MTU Warranty"). Under the MTU Warranty, MTU Germany or its agents, including but not limited to MTU and its agents, would address warranty claims from Constance Joy II related to the Vessel's engines.

10. Sea water is used to cool the engine coolant which in turn cools the Vessel's engines. Each of the Vessel's engines has a hose that brings the sea water to the Vessel. The Vessel also contains a series of Heat Exchanger Plates ("H/E Plates") within which the sea water cools the engine coolant. To access the Vessel's H/E plates, a trained certified MTU technician must remove the hoses.

11. On or about April 2018, the Vessel suffered issues with its engines whereby the normal operating engine temperature would spike causing the engines to automatically shut down. To diagnose and remedy the problem, FDDA in May 2018 removed and cleaned both sets of the Vessel's H/E Plates because it was suspected that a clog or some other debris in the H/E Plates might be preventing sea water from cooling the engine coolant. However, as set forth in its correspondence dated June 22, 2018, FDDA found no issue with the H/E Plates:

> H/E Plates were removed from both engines and it was observed the raw water side of the heat exchanges were found to be dry with no evidence of raw water. Both sets were removed from vessel and the plates were cleaned

> and inspected. No evidence was found to cause a spike overheat that would result in a shut down. Some foreign material was present and it was minimal.

**Exhibit "A"**, herein.

12. After removing and cleaning the H/E Plates, FDDA re-installed them and advised Constance Joy II that further testing must be completed during a sea-trial. At this time, when the H/E Plates were *re-installed* FDDA failed to properly fasten the hose clamps on the starboard side of the Vessel.

13. The Vessel was scheduled for a sea trial in August 2018, and subsequently, Constance Joy II planned to have the Vessel used by Burgess Yacht Services for its charter program.

14. While docked at the Boathouse Marina, in Fort Lauderdale, Florida, in August 2018, before the sea trial, the Vessel remained inoperable because several alarms originated from the Vessel's engines. An FDDA technician who had been on board the Vessel on August 21, 2018 could not determine the cause of the alarms or why the Vessel remained inoperable.

15. On August 22, 2018, FDDA, on behalf of MTU, made arrangements to send one of their senior electronic technicians to "troubleshoot the alarms and no start issue as well as assist Rolls Royce with any MTU electronic inquiries." See **Exhibit "B".**



16. FDDA, as an agent of MTU, in May 2018 did not *re-secure* the hoses that draw sea water to cool the engine coolant that, in turn, cools the Vessel's engines. Specifically, the clasps on the top section of the house (as set forth in paragraph 15) were not properly fastened.

17. To ensure that the warranty repairs were done properly and the engines in good working order, the Vessel was taken on a sea trial on August 24, 2018. During the sea trial, as the yacht increased speed, the revolutions per minute ("RPMs") of the Vessel's engines increased to 1,700. As a result of the increase in RPM's and due to FDDA not properly securing and fastening the hoses in May 2018 that draw sea water to cool the coolant which cools the Vessel's engines, the hoses became loose at this connection spraying seawater infiltrating the engine room. Specifically, the hose clamps had not been properly tightened around the upper elbow clamps on pipework illustrated in Paragraph 15. In fact, the Vessel's Engineer, to curtail further damage made approximately seven complete turns on both the starboard and port side clamps.

18. As a result of the sea water infiltration in the engine room, the Vessel's entire electrical system was significantly damaged. Seawater infiltrated the main electrical panel,

rendering the entire electrical system on the yacht inoperable as well as infiltrating or adversely affecting the atlas convertor and both generators.

19. The Vessel was immediately inoperable and had to be towed to the Boathouse Marina. While back at the marina, fans were immediately used to remove extra moisture in the engine room, but the contamination from the seawater was too extensive.

20. Even though all repairs were expected to be completed in six weeks, it took more than one (1) year to repair the damage to the Vessel, including but not limited to repairs to the Vessel's electric system.

21. On August 28, 2018, an employee from FDDA inspected the Vessel. During such inspection, the employee stated to the Vessel's Engineer, "it was disappointing that [FDDA] did not check the hose clamps".

**COUNT I – NEGLIGENCE**
**FDDA**

22. Plaintiff re-alleges and re-incorporates the allegations in paragraphs 1 through 21 above, as fully set forth herein.

23. FDDA had a non-delegable duty to Constance Joy II to maintain the Vessel in a reasonably safe condition. FDDA also had a duty to warn Constance Joy II of any dangerous and unsafe conditions of which FDDA knew or should have known as well as a duty to train and supervise its employees in maintenance procedures, including but not limited to securing and fastening all hoses.

24. FDDA breached its duty to Constance Joy II by carelessly and negligently:

a. Failing to secure and fasten hoses that draw sea water to cool the Vessel's engines coolant which, in turn, cools the engines; and/or

  b. Failing to have policies and procedures in place so that prompt and adequate actions could be taken anytime hoses are removed to prevent the hoses from becoming loose after such removal; and/or

  c. Failing to supervise its employees in implementing its policies and procedures; and/or

  d. Failing to follow its own policies and procedures.

25. FDDA created the negligent conditions referenced above.

26. As a result of FDDA's breach of its duties as set forth in paragraph 24 above, Constance Joy II, as owner of Constance Joy Limited, a Marshall Islands company, owner of the Vessel, was injured.

27. That as a direct and proximate result of the negligence of FDDA described in the preceding paragraphs, Constance Joy II suffered damages, which include but are not limited to: loss of use of the Vessel (while having to incur costs of operation); depreciation of the Vessel; loss of the Vessel's charter revenue, loss of warranty period value, costs of repair of the Vessel's electrical system and incidental repair costs; dockage and harbor fees, crew expenses, insurance, added costs due to lack of electricity on the Vessel and incurred while the Vessel was under repair; towing the Vessel; offshore power for the Vessel; claims of voiding of the warranties for the Vessel's engines and electrical system; and all other expenses incurred during this extended inoperable period of time.

WHEREFORE, CONSTANCE JOY II, LLC, a Delaware limited liability company, demands judgment against STEWART & STEVENSON FDDA LLC, a Delaware limited liability company d/b/a FLORIDA DETROIT DIESEL-ALLISON for all of its damages, costs, interest and any further relief this Court deems just, equitable and proper.

**COUNT II – VICARIOUS LIABILITY--MTU**

28. Plaintiff re-alleges and re-incorporates the allegations in paragraphs 1 through 21 above, as fully set forth herein.

29. MTU had a non-delegable duty to Constance Joy II to monitor and supervise FDDA, in its handling of the maintenance and warranty duties on the Vessel. MTU also had a duty to warn the Constance Joy II of any dangerous and unsafe condition of which its agent, FDDA, knew or should have known, and a duty to ensure FDDA, its agent, trained and supervised its employees in maintenance procedures, including but not limited to securing and fastening all hoses.

30. MTU, through its agent, FDDA, for which MTU is vicariously liable, breached its duty to Constance Joy II by carelessly and negligently:

a. Failing to ensure that FDDA provide and train its employees; and/or

b. Failing to ensure that FDDA secure and fasten hoses that draw sea water to cool the engine coolant which, in turn, cools the Vessel's engines; and/or

c. Failing to ensure that FDDA has policies and procedures in place so that prompt and adequate actions could be taken anytime hoses are removed to prevent the hoses from becoming loose after such removal; and/or

d. Failing to ensure that FDDA supervise its employees in implementing MTU's and FDDA's policies and procedures; and/or

e. Failing to follow its own policies and procedures.

31. MTU, through its agent, FDDA, for which it is vicariously liable created the negligent conditions referenced above.

32. As a result of MTU's breach of its duties, through its agent, FDDA, for which it is vicariously liable, as set forth in paragraph 30 above, Constance Joy II, as owner of Constance Joy II Limited, a Marshall Islands company, as owner of the Vessel, was damaged.

33. That as a direct and proximate result of the negligence of MTU, directly or through its agents, described in the preceding paragraphs, Constance Joy II suffered damages, which include but are not limited to: loss of use of the Vessel (while having to incur costs of operation); depreciation of the Vessel; loss of the Vessel's charter revenue, loss of warranty period value, costs of repair of the Vessel's electrical system and incidental repair costs; dockage and harbor fees, crew expenses, insurance, added costs due to lack of electricity on the Vessel and incurred while the Vessel was under repair; towing the Vessel; offshore power for the Vessel; claims of voiding of the warranties for the Vessel's engines and electrical system; and all other expenses incurred during this extended inoperable period of time.

WHEREFORE, CONSTANCE JOY II, LLC, a Delaware limited liability company, demands judgment against, MTU AMERICA, INC. a foreign corporation for all of its damages, costs, interest and any further relief this Court deems just, equitable and proper.

**DEMAND FOR JURY TRIAL**

Constance Joy II, LLC hereby demands a trial by jury for all matters that may be tried before a jury.

Dated this 9th day of June, 2020.

GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: */s Glenn J. Waldman, Esq.*
Glenn J. Waldman, Esq.
Florida Bar No. 374113

        Email: gwaldman@gunster.com
        Eric C. Edison, Esq.
        Florida Bar No. 010379
        Email: eedison@gunster.com

and

MARK H. HILDEBRANDT, P.A.
1135 Kane Concourse
Bay Harbor Islands, Florida 33154-2025
Telephone: 305-534-5100

By: /s/ Mark H. Hildebrandt, P.A.
   Mark H. Hildebrandt, Esq.
   Florida Bar No. 369063
   Email: mark@hildebrandtlaw.com
   Jessica L. Hildebrandt, Esq.
   Florida Bar No. 1002466
   Email: jessica@hildebrandtlaw.com

FLORIDA
DETROIT DIESEL-ALLISON
*Your Total Power Solution®*

**BRANCHES**

**FT. LAUDERDALE**
4141 S.W. 30th Avenue
Ft. Lauderdale, Florida 33312
Tel: (954) 327-4440

**FT. MYERS**
2305 Rockfill Road
Ft. Myers, Florida 33916
Tel: (941) 332-3100

**FT. PIERCE**
3885 Selvitz Road
Ft. Pierce, Florida 34981
Tel: (561) 464-6006

**JACKSONVILLE**
5040 University Blvd. West
Jacksonville, Florida 32216
Tel: (904) 737-7330

**MIAMI**
2277 N.W. 14th Street
Miami, Florida 33125
Tel: (305) 638-5300

**OCALA**
224 S.W. 52nd Avenue
Ocala, Florida 34474
Tel: (352) 237-7977

**ORLANDO**
6850 President's Drive
Orlando, Florida 32809
Tel: (407) 888-1700

**TAMPA**
8411 adamo Drive
Tampa, Florida 33619
Tel: (813) 621-5651

Tuesday, June 22, 2018

M/Y Constance Joy

On arrival of vessel both main engines could not be tested due to the Rolls Royce controls being disassembled.
Drain coolant on Port and Starboard main engines. Heat exchanger stacks were removed from engines.
Customer requested that both sets of heat exchanger plates need to be removed and cleaned
*H/E Plates were removed from both engines and it was observed the raw* water side of the heat exchangers were found to be dry with no evidence of ~~raw water.~~
Both sets were removed from vessel and the plates were cleaned and inspected. No evidence was found to cause a spike over heat that would result in a shut down. Some foreign material was present and it was minimal. (see attached pictures)

Both heat exchangers were installed and torqued to spec. Coolant was tested for concentration. Port and starboard cooling systems were filled and purged of air. Both coolant systems were inspected and pressure tested for fifteen minutes per engine.

No leaks internal or external were detected and system held set pressure throughout entire duration of test. All further testing must be done on sea trial and under load. Currently still pending sea trial.

Thank you,
Tyler R. Jakubas

*Port*
16V-2000-M94
516-100-765
456 Hrs.

STARBOARD
16V-2000-M94
516-100-766
460Hrs.

**From:** Antonio Diaz <A.Diaz@ssss.com>
**Subject: RE: [External] Re: BF102 M/Y CONSTANCE JOY | MTU URGENT ASSISTANCE**
**Date:** August 22, 2018 at 4:38:46 PM EDT
**To:** Giorgia Zanoni <gz@benettiamericas.com>
**Cc:** BENETTI ASIA LTD | Alberto GIANNERINI <a.giannerini@benettiyachts.asia>, Bob Fritsky <bob.fritsky@marinemax.com>, Anthony Nicholls <captain@myconstancejoy.com>, "Benovich Gary, EOWM MTU America Inc." <Gary.Benovich@mtu-online.com>, Alberto Magnani <Alberto.magnani@mtu-online.com>, "Martino.tartarini@mtu-online.com" <Martino.tartarini@mtu-online.com>

Hello Giorgia,
I'm well aware of the situation on the Constance Joy.
We have made arrangements to send one of our Senior Electronic technicians tomorrow (Thursday) onboard the vessel.
He will troubleshoot the alarms and no start issue as well as assist Rolls Royce with any MTU electronic inquires.

Kind regards,
Tony Diaz
Service Writer
Florida Detroit Diesel -Allison / MTU
4141 SW 30th Avenue
Ft. Lauderdale, Fl. 33125
954 327-4490
954327-4538 fax