United States District Court
Southern District of Texas
ENTERED
May 10, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Constance Joy II, LLC, §
§
Plaintiff, §
§
versus § Civil Action H-20-2967
§
MTU America, Inc., et al., §
§
Defendants. §

# Opinion and Order on Partial Summary Judgment

1. *Introduction.*

   This case concerns repairs done by Stewart & Stevenson FDDA on a yacht owned by Constance Joy II. The parties dispute whether the ship's Chief Engineer Anthony Waugh or Captain Nichols had the authority to sign a service repair order on Constance Joy's behalf. The parties have cross-moved for partial summary judgment on this issue.

2. *Actual Authority.*

   Actual authority exists when the principal: (a) intentionally confers it on an agent; (b) intentionally lets the agent think it possesses it; or (c) by want of due care lets the agent think it possesses it.[1]

   The sole express agreement between Constance Joy and Waugh – who signed the third repair order that is the crux of this lawsuit – is the crew employment contract between them. The terms of that agreement expressly

---

[1] *Streetman v. Benchmark Bank*, 890 S.W.2d 212, 215-16 (Tex. App.—Eastland 1994).

excluded Waugh from having the "right or power to bind [Constance Joy] to any engagement, opportunity or contract."

Stewart & Stevenson has not given sufficient evidence to rebut this for actual authority; therefore, Waugh did not have actual authority to bind Constance Joy under the repair order.

3. *Apparent Authority.*

Even without actual authority, Constance Joy may have given apparent authority to Waugh to sign the repair order on its behalf.

Apparent authority exists if: (a) Stewart & Stevenson has a reasonable belief in the agent's authority; (b) formed by some holding out by an act or neglect of Constance Joy; and (c) Stewart & Stevenson justifiably relied on the representation of authority.[2] The representation may arise from either Constance Joy knowingly permitting an agent to hold itself out as having authority or lacking such ordinary care as to clothe the agent with the indicia of authority.[3] No direct contact between Constance Joy and Stewart & Stevenson is required.[4] Stewart & Stevenson must reasonably attempt to ascertain the existence and extent of the agent's authority.[5]

Stewart & Stevenson says that the ship's captain and engineer contracted with them to repair the engine, and they had to sign the repair order to confirm that they were authorized to sign on behalf of Constance Joy. These employees had the approval of Constance Joy's owner, Barry Skolnick, to contact Stewart

---

[2] *Ames v. Great Southern Bank*, 672 S.W.2d 447, 450 (Tex. 1984).

[3] *Id.*

[4] *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 593-94 (Tex. App.—Dallas 1988).

[5] *Southwest Land Title Co. v. Gemini Financial Co.*, 752 S.W.2d 5, 7 (Tex. App.—Dallas 1988).

& Stevenson to make repairs. Stewart & Stevenson insists that Constance Joy never tried to correct the situation and let it know that the employees had no authority. It argues that it had no additional duty to find Skolnick as the only authorized person to act on Constance Joy's behalf – beyond the order explicitly requiring it be signed by an authorized agent. Stewart & Stevenson argues that it could reasonably rely on the captain's and engineer's representations because maritime law holds that these roles act as agents of the owner.

Constance Joy says that Nichols and Waugh did not have apparent authority because Skolnick did no act to hold them out as agents – to the point where he did not interact directly with Jakubus or Stewart & Stevenson. It argues that Jakubus did not adequately investigate the employees' authority. Constance Joy also insists that Skolnick never saw the repair orders before the lawsuit and that he believed the repairs would be covered by a warranty.

The key problem that permeates in this case is that the only people who are able to corroborate either parties' positions – Nichols and Waugh – have been unavailable and not found for the entire duration of the lawsuit. The credibility of each side has become essential to this case, and those determinations are best left for the jury. Other concerns that remain but will be best for the jury to decide:

(a) was Skolnick's belief that a warranty applied reasonable;
(b) did Jakubus reasonably investigate to confirm the employees' authority;
(c) how reasonable was it for Skolnick to have three repairs done in two months but not personally check on his ship; and
(d) the extent of Nichols's and Waugh's burden to read the repair orders before signing them.

4.  *Conclusion.*

Chief Engineer Waugh did not have actual authority to sign on behalf of Constance Joy.

The dispute over whether Waugh had the apparent authority subsists and will be decided by the jury at trial. (95)(96)

Signed on May 9, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge